# United States Court of Appeals
For the Eleventh Circuit

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 18 2009

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

---

No. 08-16131

District Court Docket No.
06-02761-CV-CC-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2009
THOMAS K. KAHN
CLERK

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia

LAKEETRA MASON,

        Plaintiff-Appellant,

versus

CLAYTON COUNTY BOARD OF EDUCATION,

        Defendant,

BARBARA M. PULLIAM,
individually and in her capacity as
Clayton County Schools Superintendent,
DONALD DUNNIGAN,
individually and in his capacity as Clayton
County Schools Director of Certified Personnel,
GARY TOWNSEND,
individually and in his capacity
as Clayton County Schools Principal,
FRANK MCKENZIE,
individually and in his capacity as
Clayton County Schools Assistant Principal,
ANGELA WINDISCH,
individually and in her capacity as Clayton
County Schools Special Education Department Head,

        Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: May 19, 2009
For the Court: Thomas K. Kahn, Clerk
By: Patch, Jeffrey

ISSUED AS MANDATE
JUN 17 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 18 2009

JAMES N. HATTEN, CLERK
By: /s/
Deputy Clerk

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 08-16131
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-02761-CV-CC-1

LAKEETRA MASON,

Plaintiff-Appellant,

versus

CLAYTON COUNTY BOARD OF EDUCATION,

Defendant,

BARBARA M. PULLIAM,
individually and in her capacity as
Clayton County Schools Superintendent,
DONALD DUNNIGAN,
individually and in his capacity as Clayton
County Schools Director of Certified Personnel,
GARY TOWNSEND,
individually and in his capacity
as Clayton County Schools Principal,
FRANK MCKENZIE,
individually and in his capacity as
Clayton County Schools Assistant Principal,
ANGELA WINDISCH,
individually and in her capacity as Clayton
County Schools Special Education Department Head,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(May 19, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Lakeetra Mason appeals the district court's dismissal of the Clayton County Board of Education ("CCBOE") as a party defendant as well as the court's grant of summary judgment as to Mason's claims of discrimination and due process violations against the remaining defendants.

Mason asserts that she was a a disabled African-American special education teacher employed by the CCBOE at Mt. Zion High School from August 2002 to June 2006. Although Mason raised a myriad of claims in her complaint, we focus only on the claims Mason has raised on appeal, namely her claims of (1) procedural due process violations pursuant to 42 U.S.C. § 1983; and (2) disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. These claims arose out of the defendants' refusal to renew

Mason's teaching contract, and Mason claims that the defendants' actions were based on her disabling eye condition. The district court found that Mason could not establish a prima facie case of discrimination under the ADA because she was neither disabled nor a "qualified individual." The court alternatively found that, even if Mason could establish a prima facie case of disability discrimination, the claim would fail as a matter of law because the defendants had legitimate, nondiscriminatory reasons for disciplining and terminating Mason, and Mason could not show that those reasons were a pretext for discrimination. The court found that Mason's procedural due process claim failed as a matter of law because she had adequate state remedies that she failed to utilize.

As an initial matter, due to Mason's failure to comply with a local district court rule in her counseled response to the defendants' summary judgment motion, the district court deemed the defendants' statement of undisputed facts to be admitted. Thus, the district court focused "solely on Defendants' record citations to determine whether there is a genuine issue for trial." As Mason does not challenge this ruling on appeal, we have done the same. See Reese v. Herbert, 527 F.3d 1253, 1268-69 (11th Cir. 2008).

## I. Due Process

Mason has raised her substantive due process claim for the first time on

3

appeal. Accordingly, she waived that claim by failing to present it to the district court. See Irving v. Mazda Motor Corp., 136 F.3d 764, 769 (11th Cir. 1998) (declining to consider an argument the plaintiff failed to raise in the district court). Therefore, Mason is limited to arguing her procedural due process claim.

To state a claim under § 1983 for denial of procedural due process, an individual must show "the state refuse[d] to provide a process sufficient to remedy the procedural deprivation." Cotton v. Jackson, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (quotation omitted). "This rule . . . recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts [-] before being subjected to a claim alleging a procedural due process violation." Id. at 1331 (quotation omitted).

Under Georgia law, the procedural safeguards of O.C.G.A. § 20-2-940 (including a hearing before the local school board and the reasons for dismissal) are provided to tenured teachers. O.C.G.A. § 20-2-942(b)(1). Local school boards have the power to hear and determine "any matter of local controversy in reference to the construction of or administration of the school law," which includes hearing challenges to a decision not to renew a tenured teacher's contract. O.C.G.A. § 20-2-1160(a); see Dalton v. City Bd. of Educ. v. Smith, 349 S.E.2d 458, 459 n.1 (Ga.

4

1986).  Pursuant to Georgia law, when no other specific legal remedy is available and a party has a clear right to have a certain act performed, a party may seek mandamus." Cotton, 216 F.3d at 1332; O.C.G.A. § 9-6-20.  See also Dalton City Bd. of Educ.,349 S.E.2d at 458-59 (reversing an order granting a writ of mandamus directing a school board to hold a hearing under O.C.G.A. § 20-2-1160 because the petitioners failed to substantiate their claim).

Mason did not create a genuine issue of fact as to whether she was deprived of her procedural due process rights.  Mason failed to utilize the available state remedies, such as petitioning the CCBOE for a hearing or seeking mandamus relief.  Moreover, Mason's assertion that she was barred from filing a mandamus petition against the CCBOE because she had the legal remedy of filing a § 1983 action is without merit because she did not have the remedy of filing a § 1983 action available until she utilized all state remedies.

## II. ADA Claim

As an initial matter, while Mason's argument relating to the ADA contains one passing reference to the claims she raised in the district court of retaliation and hostile work environment, such a brief reference, unsupported by any legal authority, is insufficient, and those claims are deemed abandoned on appeal.

With reference to her ADA discrimination claim, Mason has not established

5

that there exists a genuine issue of material fact. Assuming, arguendo, that Mason established a prima facie case of disability discrimination, she has not challenged the district court's alternative finding that she could not show that the defendants' legitimate, non-discriminatory reasons for disciplining and terminating her were a pretext for discrimination. Accordingly, we must affirm as to this issue.

Mason also argues that the district court erred in suggesting that the individual defendants were entitled to qualified immunity from her disability, retaliation, and harassment claims. We do not reach that issue because Mason has failed to establish her disability claims and has abandoned her retaliation and harassment claims as discussed above.

### III. Dismissal of CCBOE

This Court "review[s] de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Mills v. Foremost, Inc., 511 F.3d 1300, 1303 (11th Cir. 2008). The capacity to sue or be sued is determined "for all other parties [i.e., those that are not individuals or corporations], by the law of the state where the court is located, except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a

6

substantive right existing under the United States Constitution or laws." Fed.R.Civ.P. 17(b). Under Georgia law, "a county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued." Cook v. Colquitt County Bd. of Educ., 412 S.E.2d 828, 828 (Ga. 1992). The only exception to this rule occurs when the legislature creates a school board by an act which gives that board the capacity to sue or be sued. Id. In Dean v. Barber, 951 F.2d 1210, 1215 n.4 (11th Cir. 1992), we indicated that the "unincorporated association" exception under Rule 17(b) should not apply to governmental units, subdivisions, or agencies.

Accordingly, the district court did not err in dismissing the CCBOE as a party. Under Georgia law, the CCBOE is not an entity capable of being sued. Moreover, there is no evidence that the legislature acted to make the CCBOE subject to suit. Finally, Rule 17(b)'s unincorporated association exception does not apply to government units.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

7